**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| ALEXANDER CORDERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. 3:25-cv-00185 |
| ATHENS GATEWAY CENTER, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, ALEXANDER CORDERO, by and through the undersigned counsel, and files this, his Complaint against Defendant ATHENS GATEWAY CENTER, INC. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Middle District of Georgia, Macon Division, as the parcel of real property and public accommodation at issue in this case, and concerning which Plaintiff seeks injunctive relief, is located in Clarke County, Georgia and further, Defendant maintains its registered agent for service

of process in Madison County, Georgia.

## PARTIES

3. Plaintiff ALEXANDER CORDERO ( “Plaintiff”) is, and has been at all times relevant to the instant matter, a natural person residing in Lawrenceville, Georgia (Gwinnett County).

4. Plaintiff is a paraplegic and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant ATHENS GATEWAY CENTER, INC. (“Defendant”) is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service, to wit: Jeanette C. Jones, 1150 Sanford Road, Hull, Georgia 30646 (Madison County).

## FACTUAL ALLEGATIONS

9. On or about September 10, 2025, Plaintiff was a customer at “Supermarket El Camino Real,” a business located at 401 North Avenue, Athens, Georgia 30601.

10. Defendant is the owner or co-owner of the real property and improvements that are the subject of this action. (The two separate multi-tenant structures and improvements situated upon said real property shall be referenced herein as the “North

Facility" and the "West Facility" (together, the "Facilities"), and said real property shall be referenced herein as the "Property").

11. Plaintiff lives approximately forty-four (44) miles from the Facilities and Property.

12. Plaintiff regularly travels to Athens, Georgia, and within the near vicinity of the Facilities and Property.

13. Plaintiff's access to the businesses located at 401 North Avenue, Athens, Georgia 30601 (also identified by Athens-Clarke County Property Appraiser's parcel number 163B2 D001), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

14. Plaintiff has visited the Facilities and Property at least once before and intends on revisiting the Facilities once the Facilities and Property are brought into compliance with the 2010 ADAAG standards.

15. Plaintiff intends to revisit the Facilities and Property to purchase goods and/or services.

16. Plaintiff travelled to the Facilities and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm

and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

**COUNT I**
**VIOLATIONS OF THE ADA AND ADAAG**

17. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

18. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

19. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

20. Each Facility is a public accommodation and service establishment.

21. The Property is a public accommodation and service establishment.

22. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

23. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

24. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

25. Each Facility must be, but is not, in compliance with the ADA and ADAAG.

26. The Property must be, but is not, in compliance with the ADA and ADAAG.

27. Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and the Property in his capacity as a customer of the Facilities and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit the Facilities and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendant has discriminated against Plaintiff (and others with disabilities)

by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

**(a) EXTERIOR ELEMENTS:**

(i) The total number of accessible parking spaces on the Property is inadequate, in violation of section 208.2 of the 2010 ADAAG standards.

(ii) Accessible parking spaces are not properly located or distributed on the Property, in violation of section 208.3 of the 2010 ADAAG standards.

(iii) The ramp on the Property most proximate to the accessible entrance

of the Supermarket El Camino Real portion of the North Facility has a slope exceeding 1:12 (one to twelve), in violation of section 405.2 of the 2010 ADAAG standards.

(iv) The above-referenced ramp servicing the Property lacks finished edges (or edge protection), in violation of section 405.9 of the 2010 ADAAG standards.

(v) The accessible parking space on the Property most proximate to Unit 4 of the North Facility does not have identification signage that complies with section 502.6 of the 2010 ADAAG standards.

(vi) The accessible parking space on the Property most proximate to Unit 4 of the North Facility has a slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(vii) The accessible parking space on the Property most proximate to Unit 4 of the North Facility does not have an adjacent access aisle, in violation of section 502.3 of the 2010 ADAAG standards.

(viii) The ground surfaces of the accessible ramp on the Property most proximate to Unit 4 of the North Facility have vertical rises in excess of ¼" (one quarter inch) in height, are not stable or slip resistant, are crumbled, broken and/or unstable, and/or otherwise fail to comply with section 405.4 of the 2010 ADAAG standards.

(ix) The accessible parking space on the Property most proximate to the Gateway Jewelry and Pawn Shop portion of the West Facility does

not have identification signage that complies with section 502.6 of the 2010 ADAAG standards.

(x) The access aisle adjacent to the above-referenced accessible space most proximate to the Gateway Jewelry and Pawn Shop portion of the West Facility has significant amounts of vegetation growth and broken pavement within its boundaries, resulting in numerous vertical rises in excess of ¼" (one quarter inch), in violation of section 502.4 of the 2010 ADAAG standards.

(xi) The access aisle adjacent to the accessible parking space on the Property most proximate to Gateway Jewelry and Pawn Shop portion of the West Facility does not properly adjoin an accessible route, as there is no ramped access adjacent to said access aisle, in violation of section 502.3 of the 2010 ADAAG standards.

(xii) The two (2) ramps most proximate to the Big Mike's Barber Shop portion of the West Facility each have slope exceeding 1:12 (one to twelve), in violation of section 405.2 of the 2010 ADAAG standards. These ramps also lack finished edges (or edge protection), in violation of section 405.9 of the 2010 ADAAG standards.

(xiii) One of the two (2) accessible ramps on the Property most proximate to the Big Mike Barber Shop portion of the West Facility is situated before a standard parking space, and thus the ramp is obstructed when vehicles are parked in such standard space, resulting in the

ramp's width being below the minimum 36" (thirty-six inches), in violation of sections 403.5.1 and 502.7 of the 2010 ADAAG standards.

**(b) POLICY ELEMENTS**

(i) The Facility and Property have not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities, in violation of section 28 C.F.R. § 36.211.

(ii) Upon information and good faith belief, Defendant fails to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facility and Property are readily accessible to, and usable by, disabled individuals.

32. Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to find and utilize a disabled accessible parking space on the Property, more difficult and dangerous for Plaintiff to utilize the ramps servicing the Property, and rendered significant portions of the North Facility and West Facility inaccessible to Plaintiff.

33. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facilities and Property.

34. Plaintiff requires an inspection of Facilities and Property in order to determine all of the discriminatory conditions present at the Facilities and Property in violation of the ADA.

35. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36. All of the violations alleged herein are readily achievable to modify to bring the Facilities and Property into compliance with the ADA.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because the nature and cost of the modifications are relatively low.

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities and Property, including those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facilities and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facilities and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 22, 2025.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
Ehrlich Law Office, LLC
493 Flat Shoals Avenue, S.E.
Atlanta, Georgia 30316
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com